**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

_____
                                                                    )
UNITED STATES OF AMERICA and                )
STATE OF INDIANA,                                          )
                                                                    )
                Plaintiffs,                                     )
                                                                    )   Civil Action No. 14-312
                v.                                                   )
                                                                    )
ATLANTIC RICHFIELD COMPANY and        )
E. I. DU PONT DE NEMOURS AND COMPANY,)
                                                                    )
                Defendants.                                )
_____)

# COMPLAINT

The United States of America ("United States"), by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Indiana ("State"), by the authority of the Attorney General of the State and through the undersigned attorneys, acting on behalf of the Indiana Department of Environmental Management ("IDEM"), file this complaint and allege as follows:

## STATEMENT OF THE CASE

1.       This is a civil action brought against Defendants Atlantic Richfield Company and E. I. du Pont de Nemours and Company (collectively "Defendants") pursuant to Sections 106 and 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607(a), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA"). This action involves the U.S. Smelter and Lead

Refinery, Inc. Superfund Site ("Site") located in East Chicago, Indiana.  The Site consists of two Operable Units ("OUs"), OU1 and OU2.  OU1, in turn, encompasses three zones, as more particularly shown on the map attached to this Complaint.  *See* Attachment 1.  The subject of this Complaint is Zones 1 and 3 ("Z1&3") of OU1 of the Site.

2. The United States seeks to recover certain unreimbursed costs incurred for response activities undertaken in response to the release and threatened release of hazardous substances from facilities at and near the Site.  More specifically, the United States seeks to recover unreimbursed response costs incurred on and after September 1, 2013, relating to elevated concentrations of lead and arsenic in soils in Z1&3.  The United States also seeks injunctive relief requiring Defendants to take action to abate conditions in Z1&3 that may present an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment of Z1&3.  Finally, the United States and the State seek a declaratory judgment, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), declaring that Defendants are liable for any future response costs that the United States or the State may incur in connection with response activities relating to Z1&3.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to Section 113(b) and 113(e) of CERCLA, 42 U.S.C. §§ 9613(b) and 9613(e), and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b) and (c), because the claims arose and the threatened and actual releases of hazardous substances occurred in this district.

**DEFENDANTS**

5. Defendant Atlantic Richfield Company ("ARC") is a corporation organized under the laws of the State of Delaware and authorized to do business in the State of Indiana.

6. Defendant E. I. du Pont de Nemours and Company ("DuPont") is a corporation organized under the laws of the State of Delaware and authorized to do business in the State of Indiana.

7. Defendants ARC and DuPont are each a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

8. Defendant ARC is a successor to the liability of International Lead Refining Company, International Smelting Company, International Smelting & Refining Company, Anaconda Lead Products Company, Anaconda Copper Mining Company, and The Anaconda Company.

**GENERAL ALLEGATIONS**

9. Defendant ARC is a successor to a past "owner" and/or "operator"—within the meaning of CERCLA Sections 101(20) and 107(a), §§ 9601(20) and 9607(a)—of production facilities located within OU1 of the Site.

10. Defendant DuPont is a current and past "owner" and/or "operator" —within the meaning of CERCLA Sections 101(20) and 107(a), §§ 9601(20) and 9607(a)—of production facilities located adjacent to OU1 of the Site.

11. Each of the production facilities owned and/or operated by DuPont and by the predecessors of ARC is a "facility" within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

12. The Site is a "facility," OU1 is a "facility," and Z1&3 is a "facility" within the meaning of CERCLA Section 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

13. At times relevant to this action, there have been "releases" and "threatened releases" of "hazardous substances"— within the meaning of CERCLA Sections 101(22), 101(14), and 107(a), 42 U.S.C. §§ 9601(22), 9601(14), and 9607(a)—from the facilities owned and/or operated by DuPont and by the predecessors of ARC. These releases or threatened releases were into the environment of Z1&3. More specifically, there have been "releases" and "threatened releases" of lead and arsenic, which are "hazardous substances," within the meaning of CERCLA Section 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

14. The United States has incurred "response costs" relating to Z1&3—within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25)—in responding to releases and threatened releases of hazardous substances from the production facilities owned and/or operated by DuPont and by predecessors of ARC, and in responding to releases and threatened releases of hazardous substances into the environment of Z1&3.

15. The above-described response costs relating to Z1&3 were incurred by the United States in a manner not inconsistent with the National Contingency Plan, which was promulgated under CERCLA Section 105(a), 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

16. Defendant ARC is a successor to persons who at the time of disposal of a hazardous substance owned and/or operated a facility at which such hazardous substances were disposed and from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

17. Defendant DuPont is: (i) an owner and/or operator of a facility from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(1), 42 U.S.C. § 9607(a)(1); and (ii) a person who at the time of disposal of a hazardous substance owned and/or operated a facility at which such hazardous substances were disposed and from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

### FIRST CLAIM FOR RELIEF
#### (Cost Recovery by the United States under CERCLA Sections 107 and 113(g)(2), 42 U.S.C. §§ 9607 and 9613(g)(2))

18. Paragraphs 1–17 are realleged and incorporated herein by reference.

19. Pursuant to CERCLA Sections 107(a) and 113(g)(2), 42 U.S.C. §§ 9607(a) and 9613(g)(2), Defendants are jointly and severally liable to the United States for the following response costs incurred and to be incurred by the United States for Z1&3, as well as enforcement costs and prejudgment interest on such costs: (i) unreimbursed past costs incurred at or in connection with response activities involving Z1&3 since September 1, 2013; and (ii) all future costs of any response activities taken in connection with Z1&3.

### SECOND CLAIM FOR RELIEF
#### (Cost Recovery by the State under CERCLA Sections 107 and 113(g)(2), 42 U.S.C. §§ 9607 and 9613(g)(2))

20. Paragraphs 1–17 are realleged and incorporated herein by reference.

21. Pursuant to CERCLA Section 107(a) and 113(g)(2), 42 U.S.C. §§ 9607(a) and 9613(g)(2), Defendants are jointly and severally liable to the State for all future costs of any

response activities taken in connection with Z1&3, as well as enforcement costs and prejudgment interest on such costs.

### THIRD CLAIM FOR RELIEF
### (Injunctive Relief Under CERCLA Section 106, 42 U.S.C. § 9606)

22. Paragraphs 1–17 are realleged and incorporated herein by reference.

23. The United States Environmental Protection Agency has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances in the environment of Z1&3.

24. Pursuant to CERCLA Section 106(a), 42, U.S.C. § 9606(a), Defendants are subject to injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances into the environment of Z1&3.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs the United States of America and the State of Indiana respectfully request that this Court:

1. Enter judgment in favor of the United States and against ARC and DuPont, jointly and severally, for unreimbursed past response costs incurred since September 1, 2013, at or in connection with response activities involving Z1&3, including prejudgment interest on such costs;

2. Enter a declaratory judgment in favor of the United States and the State and against ARC and DuPont pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that Defendants are jointly and severally liable for future costs of any response activities taken in connection with Z1&3;

3. Order ARC and DuPont to abate the conditions at Z1&3 that may present an imminent and substantial endangerment to the public health or welfare or the environment;

4. Award the United States and the State their costs of this action; and

5. Grant such other and further relief as the Court deems just and proper.

**FOR THE UNITED STATES OF AMERICA**

s/ Sam Hirsch
SAM HIRSCH
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC  20530

s/ Annette M. Lang
ANNETTE M. LANG
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Phone:  202 514-4213
Fax:  202 616-6584
annette.lang@usdoj.gov

DAVID CAPP
United States Attorney
Northern District of Indiana

WAYNE T. AULT
Assistant United States Attorney
5400 Federal Plaza
Suite 1500
Hammond, IN  46320
Phone:  219 937-5500
Fax:  219 937-5547
wayne.ault@usdoj.gov

OF COUNSEL:

STEVEN P. KAISER
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 W. Jackson Blvd.
Chicago, IL  60604

Complaint in the matter of *United States and Indiana v. Atlantic Richfield Company, et al.*

                      FOR THE STATE OF INDIANA

                      GREGORY F. ZOELLER
                      Indiana Attorney General
                        Attorney No. 1958-98

                      <u>s/ Timothy J. Junk</u>
                      Timothy J. Junk
                      Deputy Attorney General
                      Atty. No. 5587-02

Office of the Attorney General
Indiana Government Center South
Fifth Floor
402 W. Washington St.
Indianapolis, IN  46204-2770
Telephone:  (317) 232-6247

tim.junk@atg.in.gov

# ATTACHMENT 1

## TO COMPLAINT

Zone

Basemap source: Esri

US SMELTER & LEAD REFINERY
LAKE COUNTY, EAST CHICAGO, INDIANA

## ATTACHMENT 1

### OU1 ZONES

EPA REGION 5 RAC 2 | REVISION 0 | JULY 2014

ST SulTRAC

