

90-11-3-10884/1

**U.S. Department of Justice**

Environment and Natural Resources Division

*Environmental Enforcement Section*
*P.O. Box 7611*
*Ben Franklin Station*
*Washington, DC 20044-7611*

*Telephone (202) 514-4213*
*Fax: (202) 616-6584*
*annette.lang@usdoj.gov*

October 19, 2017

**BY HAND DELIVERY (Oct. 20) AND ECF**

The Honorable Philip P. Simon
United States District Court
Northern District of Indiana
5400 Federal Plaza
Suite 4400
Hammond, IN 46320

    RE:   *United States, et al. v. Atlantic Richfield Co., et al.*
           Civil Action No. 2:14-cv-00312-PPS

Dear Judge Simon:

The United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), hereby respectfully submits its response to the October 10, 2017 letter filed by Applicants-in-Intervention in the above-referenced action. In their letter, Applicants assert that a recent opinion issued by Judge Moody in a matter styled *Walker, et al. v. City of East Chicago, et al.*, 2:16-cv-00367-JTM ("*Walker*"), is relevant to the Applicants' Motion to Intervene. It is not.

The *Walker* decision adopts the rationale and holding of an earlier decision by Chief Judge Springmann in the case of *Rolan, et al. v. Atlantic Richfield Co., et al.*, 1:16-cv-00357-TLS ("*Rolan*"). The United States previously demonstrated that *Rolan*'s discussion of the timeliness of personal injury and property damage claims under Indiana law in a private party litigation has no bearing on the timeliness of a Motion to Intervene in a closed case under federal CERCLA law. Our statements with respect to the inapplicability of the *Rolan* decision apply with equal force to the *Walker* decision. We attach our prior letter hereto.

Respectfully Submitted,

Annette M. Lang
Senior Counsel

cc:   David Chizewer (email and ECF)
      Debbie (Musiker) Chizewer (email)
      Mark N. Templeton (email)
      Gregory P. Gadson (email and ECF)
      Michael Elam (email and ECF)
      David Rieser (email)
      Pat McGee (email)

# ATTACHMENT

to Letter from United States to J. Simon
October 19, 2017

*United States, et al. v. Atlantic Richfield, et al.*, No. 2:14-cv-00312-PS



**U.S. Department of Justice**

Environment and Natural Resources Division

90-11-3-10884/1

*Environmental Enforcement Section*
*P.O. Box 7611*
*Ben Franklin Station*
*Washington, DC  20044-7611*

*Telephone (202) 514-4213*
*Fax:  (202) 616-6584*
*annette.lang@usdoj.gov*

August 16, 2017

**BY HAND DELIVERY AND ECF**

The Honorable Philip P. Simon
United States District Court
Northern District of Indiana
5400 Federal Plaza
Suite 4400
Hammond, IN  46320

      RE:    *United States, et al. v. Atlantic Richfield Co., et al.*
              Civil Action No. 2:14-cv-00312-PPS

Dear Judge Simon:

The United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), hereby respectfully submits its response to the August 9, 2017 letter filed by Applicants-in-Intervention in the above-referenced action. In their letter, Applicants assert that a recent opinion issued by Chief Judge Springmann in a matter styled *Rolan, et al. v. Atlantic Richfield Co., et al.*, 1:16-cv-00357-TLS ("*Rolan*"), is relevant to the Applicants' Motion to Intervene. It is not.

The *Rolan* motion involved a question of Indiana state law, namely, the timing of the accrual of personal injury and property damage claims in private party litigation. By contrast, the motion currently before this Court involves a question of federal law, namely, the timing of citizen intervention in a Superfund enforcement case. The controlling law and underlying concerns are clearly different. The federal CERCLA law—as discussed in our briefs—makes prompt cleanup a paramount objective over citizen suits or other challenges to agency cleanup decisions. That statutory priority is not implicated in any way in a personal injury/property damage lawsuit. Indeed, the *Rolan* plaintiffs' state law claims for personal injury and property damage can go forward without interrupting EPA's cleanup. Moreover, the fact that the *Rolan* plaintiffs have a potential state law remedy for any personal injury or property damage they may have suffered actually militates *against* allowing plaintiffs to also intervene in this closed Superfund case.

Federal law—again, as cited in our briefs—also clearly holds that notices and opportunities to comment on Superfund cleanups are relevant to the timeliness of citizen interventions. Nothing in Indiana state law or the *Rolan* decision can or does contradict this controlling federal law.

Finally, federal law clearly supports the untimeliness of a citizen intervention motion in a *closed* Superfund enforcement case. The *Rolan* case is not in point: it is active and ongoing.

Respectfully Submitted,

Annette M. Lang
Senior Counsel

cc:   David Chizewer (email and ECF)
      Debbie (Musiker) Chizewer (email)
      Mark N. Templeton (email)
      Gregory P. Gadson (email and ECF)
      Michael Elam (email and ECF)
      David Rieser (email)

2